Rischele Huntington
Name
P.O. Box 297
Mailing address
Sutton, AK 99674
City, State, Zip
907-538-1514
Telephone

RECEIVED
NOV 6 2017
CLERK, U.S. DISTRICT COURT
\_\_\_\_, A.K.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

Rischele Huntington ,
(Enter full name of plaintiff in this action)

Plaintiff,

vs.

Shannon W. Fore ,

Trina M. Holt ,

Brittany Dunlop ,
(Enter full names of defendant(s) in this action.
Do NOT use *et al.*)

Defendant(s).

Case No. 3:17-cv-00235-TMB
(To be supplied by Court)

**COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U.S.C. § 1983**

**(NON-PRISONERS)**

## A. Jurisdiction

Jurisdiction is invoked under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you assert jurisdiction under any different or additional authorities, please list them below:

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Rischele Huntington ,
(print your name)

who presently resides at P.O. Box 297, Sutton, AK 99674 ,
(mailing address)

were violated by the actions of the individual(s) named below.

2. **Defendants** (Make a copy of this page and provide same information if you are naming more than 3 defendants):

Defendant No. 1, _____Shannon W. Fore_____ is a citizen of
(name)
_____Alaska_____, and is employed as a _____Alaska State Trooper_____.
(state)                                       (defendant's government position/title)

__XXX__ This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 2, _____Trina M. Holt (nee Sears)_____ is a citizen of
(name)
_____Alaska_____, was at the time and ~~is~~ employed as a _____Assistant District Attorney_____.
(state)                                       (defendant's government position/title)

__XXX__ This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 3, _____Brittany Dunlop_____ is a citizen of
(name)
_____Alaska_____, and is employed as a _____Assistant District Attorney_____.
(state)                                       (defendant's government position/title)

____This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
__XXX__ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

**C. Causes of Action** (You may attach additional pages alleging other causes of action and facts supporting them if necessary. Make copies of page 5 and rename them pages 5A, 5B, etc. and rename the claims, "Claim 4," "Claim 5, etc.").

**Claim 1:** On or about _____February 28, 2013_____, my civil right to
(Date)
due process
*(due process, freedom of religion, free speech, freedom of association and/or assembly, freedom from cruel and unusual punishment, etc. List **only one** violation.)*
was violated by _____Shannon W. Fore_____
*(Name of the specific Defendant who violated this right)*

<u>Supporting Facts</u> (Briefly describe facts you consider important to Claim 1. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 1.):

On February 26, 2013, Trooper Fore interviewed plaintiff's 17-year-old adopted son, N.H.. N.H. alleged that he had been a sexual abuser and a sexual victim in his former home, that he went to jail Anchorage for his own sexual crimes against his sisters, that he had a bodily need for sexual stimulation, that he had a hard time suppressing his "sexual activeness," that starting about three weeks prior he had sexual intercourse with plaintiff four or five or six or seven times over the course of two weeks, that plaintiff had been performing "oral sex" on him since July 2012, that he had had a similar sexual relationship with his biological mother, that he had been texting plaintiff, that he had no relationship with plaintiff's ex-husband (Brent Huntington), and concluded by *denying* a sexual relationship with his biological mother. Fore interviewed the church attorney for N.H.'s bishop, who said that N.H. told the bishop that sexual intercourse with plaintiff started December 2012. The same day, Fore talked to plaintiff, who said she wanted an attorney present. The same day, Fore interviewed plaintiff's (former) best friend, Shanae Branham, who told him plaintiff "just said that they had had a sexual encounter and that's pretty much all she said. It was one sentence."

On or about February 27, Fore interviewed Ms. Branham a second time, but did not submit the audio into evidence or write up the interview in his report.

The same day, Fore swore out an *Affidavit by Police Officer In Support of Complaint*, in which he omitted: that N.H. had been in jail for committing sexual crimes against his sisters; that he had been sexual abuser in his former home; that he had accused his biological mother of similar abuse; that 15 minutes later he denied that; and that he had a hard time controlling his "sexual activeness." Fore wrote that plaintiff had texted N.H., "We both knew though that I could go to jail" and "That is why I wanted to wait till you were 18," without supplying N.H.'s response to the former ("I'm not going back") and without the prior text message that "That" obviously referred to: "I know. I am working on a plan that will protect you. I would like you to be a part

## Claim 1 Supporting Facts (continued)

of that discussion with you me and the bishop, if you would be willing to talk with me." Fore's affidavit also neglected to mention that N.H. had told the bishop that sexual intercourse started in December 2012, and falsely stated that N.H. stated that intercourse started "approximately February of 2013" (versus about February 5, 2013).

At plaintiff's arraignment on March 1, 2013, Judge Eric Smith found probable cause based on the complaint. This became case 3PA-13-00509CR.

Fore similarly lied at Grand Jury on March 6, 2017.

**Claim 2**: On or about ___March 6, 2013___, my civil right to
(Date)
__due process__
(due process, freedom of religion, free speech, freedom of association and/or assembly, freedom from cruel and unusual punishment, etc. List **only one** violation.)
was violated by ___Trina M. Holt ("A.D.A. Sears")___
(Name of the specific Defendant who violated this right)

Supporting Facts (Briefly describe facts you consider important to Claim 2. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 2.):

On March 6, 2013, at the grand jury hearing, A.D.A. Sears had or allowed Ms. Branham to testify that plaintiff had told Ms. Branham plaintiff "admitted having sex" with N.H., even though A.D.A. Sears knew that was false (because she had reviewed Fore's *Affidavit by Police Officer in Support of Complaint*, in which plaintiff had only told Ms. Branham that plaintiff "had had a sexual encounter" with N.H.).

A.D.A. Sears also questioned N.H. about what body parts plaintiff had used to touch his penis, to which N.H. succinctly answered various body parts *not* including plaintiff's mouth. A.D.A. Sears was already on notice that plaintiff had evidence that she was incapable of taking an engorged penis into her mouth. A.D.A. Sears then asked N.H., "Did she ever use her mouth on your penis?" She asked this despite N.H. having just answered that question to the contrary. Thereupon N.H. changed his answer and answered, "Yes." That was the only evidence proffered of fellatio, which accounted for 7 of 9 unclassified felonies.

A.D.A. Sears also elicited from N.H. that N.H. firmly alleged having intercourse with plaintiff "three" times, and she did not let the jurors know that N.H. had told Fore a different number.

N.H. testifed that sexual intercourse began approximately four weeks earlier. A.D.A. Sears did call N.H.'s bishop to testify, but did not ask him when N.H. had told him sexual intercourse had started (which was December 2012).

A.D.A. Sears refused to let plaintiff testify at Grand Jury even though A.D.A. Sears had been notified in writing by plaintiff's attorney (Richard Payne of Wasilla) that plaintiff was the victim, that plaintiff had exculpatory evidence to present to the Grand Jury, and that plaintiff wanted to testify to the Grand Jury.

The Grand Jury indicted plaintiff on 9 unclassified felonies and 8 Class B felonies. Seven of the Class B felonies were dropped a few days later, leaving plaintiff facing charges with a minimum of 105 years of prison time.

**Claim 3:** On or about <u>September 5, 2015</u>, my civil right to
<span style="text-align:center">(Date)</span>
<u>due process</u>

(due process, freedom of religion, free speech, freedom of association and/or assembly, freedom from cruel and unusual punishment, etc. List **only one** violation.)

was violated by <u>Brittany Dunlop</u>
(Name of the specific Defendant who violated this right)

**Supporting Facts** (Briefly describe facts you consider important to Claim 3. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 3.):

In 2014 or 2015, A.D.A. Sears left the Palmer District Attorney's Office. A.D.A. Dunlop took over the case.

On September 15, 2014, plaintiff filed a 55-page brief documenting her side of the story, including that N.H. raped her on February 17, 2013, and why N.H. had been furious with her. On December 19, 2014, plaintiff testified in court about that brief, subject to cross-examination.

On August 18 and 28, 2015, plaintiff with attorney debriefed A.D.A. Dunlop and Inv. Fore, about the crimes N.H. committed against her, offering physical evidence and multiple witnesses in support of her allegations. No one contacted any of her listed witnesses. No charges were filed.

However, on or about September 5, 2015, A.D.A. Dunlop, rather than dropping the charges in the face of overwhelming evidence that N.H. was a liar and had motive to rape plaintiff, offered a plea deal where they would drop all indicted charges without plaintiff admitting guilt to that conduct, in exchange for pleading guilty to a new Class C felony sex offense and allowing "the police report" to be used as admissible hearsay for the purpose of sentencing.

**According to attorneys Curt Martin of Palmer and and Richard Payne of Wasilla, both former assistant district attorneys in Palmer, A.D.A. Dunlop's behavior above was pursuant to Palmer District Attorney's Office policy of always pursuing felony sex convictions against defendants indicted for felony sex offenses, regardless of what exonerating facts are later uncovered before trial.**

Facing a possible trial in front of a jury who, like most of plaintiff's friends, might not understand how her Battered Person Syndrome made it psychologically impossible for her to report N.H. to the police and who might convict her of even one unclassified felony (with 25 years in prison), she accepted the plea deal. **All indicted charges were dismissed November 6, 2015.** Plaintiff was sentenced to four years in prison, and should get out early 2018.

PS02 – § 1983 Non-Prisoner
Dec. 2013
Page 5 of 7

P.S. Although plaintiff is currently a prisoner (with contact info via her husband) plaintiff is not filing the "Prisoner" version of this complaint form because that is oriented toward suing DOC or correctional officers, and plaintiff has no such complaints.

**D. Previous Lawsuits**

1. Have you begun other lawsuits in **state or federal court** dealing with the **same facts** involved in this action, **or otherwise relating to your imprisonment**? _____ Yes XXX No

2. If your answer is "Yes," describe each lawsuit.

a. <u>Lawsuit 1</u>:

Plaintiff(s):_____

Defendant(s):_____

Name and location of court:_____

Docket number:_____ Name of judge:_____

Approximate date case was filed: _____ Date of final decision: _____

Disposition: _____ Dismissed _____ Appealed _____ Still pending

Issues Raised:_____

b. <u>Lawsuit 2</u>:

Plaintiff(s):_____

Defendant(s):_____

Name and location of court:_____

Docket number:_____ Name of judge:_____

Approximate date case was filed: _____ Date of final decision: _____

Disposition: _____ Dismissed _____ Appealed _____ Still pending

Issues Raised:_____

**F. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. Damages in the amount of $_____150,000_____ $120,000 for legal fees
$30,000 for loss of consortium

2. Punitive damages in the amount of $ _____450,000_____

3. An order requiring defendant(s) to _____

4. A declaration that an indictment establishes a *rebuttable* presumption of probable cause, and if that presumption *is* rebutted before trial, then the defendant must be released.

5. Other: _____

Plaintiff demands a trial by jury. _____ Yes __XXX__ No


## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that s/he is the plaintiff in the above action, that s/he has read the above civil rights complaint and that the information contained in the complaint is true and correct.

Executed at ____Eagle River____ on ____11/5/17____
                    (Location)                    (Date)

_____
(Plaintiff's Original Signature)


_____    _____
Original Signature of Attorney (if any)             (Date)

_____
_____
_____
Attorney's Address and Telephone Number